**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SECURE AXCESS, LLC,<br>    *Plaintiff*<br><br>vs.<br><br>BANK OF AMERICA CORP., *et al.*,<br>    *Defendants* | Civil Action No. 6:10-cv-00670<br><br>JURY DEMANDED |

**HARRIS BANKCORP, INC'S AND HARRIS N.A.'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Harris Bankcorp, Inc. and Harris N.A. (collectively "Harris"), by and through their undersigned attorneys and for themselves and no other defendant named herein, hereby respond to the Complaint of Plaintiff, Secure Axcess, LLC ("Secure Axcess"), with the following Answer and Affirmative Defenses.

**GENERAL DENIAL**

Unless specifically admitted below, Harris denies each and every allegation in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

1. Harris admits that Secure Axcess' Complaint purports to include a claim for patent infringement.

**PARTIES**

2. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3. Harris lacks knowledge or information sufficient to form a belief as to the truth of

1

the allegations in paragraph 3, and therefore denies the same.

4. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies the same.

5. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies the same.

6. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies the same.

7. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies the same.

8. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the same.

9. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies the same.

10. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the same.

11. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the same.

12. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies the same.

13. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies the same.

14. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

17. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

18. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

19. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

25. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26. Harris lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 26, and therefore denies the same.

27. Harris admits that Harris Bankcorp, Inc. is a Delaware corporation that maintains a principal place of business at 111 West Monroe Street, Chicago, Illinois 60603. Harris denies all remaining allegations in paragraph 27.

28. Harris admits that it is a wholly-owned subsidiary of Harris Bankcorp, Inc., and has a principal place of business at 111 West Monroe Street, Chicago, Illinois 60603. Harris denies all remaining allegations in paragraph 28.

29. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies the same.

30. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the same.

31. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies the same.

32. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same.

33. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies the same.

34. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies the same.

35. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies the same.

## **JURISDICTION AND VENUE**

36. To the extent the allegations of paragraph 36 set forth legal conclusions no

response is required. Otherwise, Harris admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code. Harris denies the remaining allegations of paragraph 36.

37. To the extent the allegations of paragraph 37 set forth legal conclusions no response is required. Otherwise, Harris will not dispute personal jurisdiction in this case, but denies the allegations in paragraph 37 to the extent they relate to Harris and denies that it has committed any acts of infringement. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

38. To the extent the allegations of paragraph 38 set forth legal conclusions no response is required. Otherwise, Harris denies that venue is proper in this district and that it is the most convenient or most appropriate forum for this action. Harris denies all remaining allegations of paragraph 38 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

## BACKGROUND

39. Harris admits that Secure Axcess' Complaint purports to be an action for infringement of United States Patent No. 7,631,191 ("'191 patent") and that Exhibit A to the Complaint purports to be a copy of the '191 patent. Harris further admits that the cover page of the '191 patent states that the title is "System and Method For Authenticating a Web Page." Harris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and therefore denies the same.

40. Harris admits the cover page of the '191 patent states that 1) the title is "System

and Method For Authenticating a Web Page;" 2) the inventors are Elliott Glazer, Dirk White, David Armes, Fred Alan Bishop, and Michael Barrett; 3) the '191 patent issued on December 8, 2009; 4) the '191 patent is subject to a terminal disclaimer; 5) the '191 patent issued from application No. 11/423,340; and 6) application No. 11/423,340 is a continuation of application No. 09/656,074, which is now United States Patent No. 7,203,838. Harris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and therefore denies the same.

41. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies the same.

42. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies the same.

43. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies the same.

44. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies the same.

45. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies the same.

46. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies the same.

47. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies the same.

48. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies the same.

49. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies the same.

50. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies the same.

51. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies the same.

52. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies the same.

53. Harris admits to making certain banking services available on the Internet through the website having a URL of https://www4.harrisbank.com.  Harris denies all remaining allegations in paragraph 53.

54. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies the same.

55. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies the same.

56. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies the same.

57. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies the same.

## CLAIMS

58. Paragraph 58 fails to set forth an allegation of fact to which an answer is required.

### Direct Patent Infringement

The heading "Direct Patent Infringement" fails to set forth an allegation of fact to which an answer is required. Harris denies that any of its actions, conduct or products directly or otherwise infringe the '191 patent.

59. Harris' responses to paragraphs 1-58 above are incorporated by reference as if fully set forth herein.

60. Harris denies the allegations of paragraph 60 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

### Inducement of Patent Infringement

The heading "Inducement of Patent Infringement" fails to set forth an allegation of fact to which an answer is required. Harris denies that any of its actions, conduct or products infringe the '191 patent by inducement or otherwise.

61. Harris' responses to paragraphs 1-60 above are incorporated by reference as if fully set forth herein.

62. Harris denies the allegations in paragraph 62 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

### Vicarious Liability

The heading "Vicarious Liability" fails to set forth an allegation of fact to which an

answer is required. Harris denies vicarious liability for the actions, conduct or products of itself or any other entity.

63. Harris' responses to paragraphs 1-62 above are incorporated by reference as if fully set forth herein.

64. Harris denies the allegations of paragraph 64 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

## **INJUNCTION**

The heading "Injunction" fails to set forth an allegation of fact to which an answer is required. Harris denies that Secure Axcess is entitled to injunctive relief as it relates to Harris.

65. Harris' responses to paragraphs 1-64 above are incorporated by reference as if fully set forth herein.

66. Harris denies all allegations in paragraph 66 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

## DAMAGES

### Reasonable Royalty

The heading "Reasonable Royalty" fails to set forth an allegation of fact to which an answer is required. Harris denies Secure Axcess is entitled to a reasonable royalty from Harris.

67. Harris' responses to paragraphs 1-66 above are incorporated by reference as if fully set forth herein.

68. Harris denies all allegations in paragraph 68 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

### Enhanced Damages, Attorneys' Fees, and Expenses

The heading "Enhanced Damages, Attorneys' Fees, and Expenses" fails to set forth an allegation of fact to which an answer is required. Harris denies Secure Axcess is entitled to enhanced damages, attorneys' fees and/or expenses from Harris.

69. Harris' responses to paragraphs 1-68 above are incorporated by reference as if fully set forth herein.

70. Harris denies all allegations in paragraph 70 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

71. Harris denies all allegations in paragraph 71 to the extent they relate to Harris. To the extent the allegations in this paragraph relate to other defendants, Harris is without sufficient

information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them.

## PRAYER FOR RELIEF

Harris denies that Secure Axcess is entitled to any relief whatsoever against Harris, either as prayed for in its Complaint or otherwise.

## ADDITIONAL AFFIRMATIVE DEFENSES

In addition to the First Affirmative Defense set forth above in responding to the allegations set forth in Secure Axcess' Complaint, Harris alleges and asserts the following additional defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described herein, Harris specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## SECOND AFFIRMATIVE DEFENSE

72. Harris has not infringed and is currently not infringing (directly, contributorily, or by inducement) the '191 patent, literally or by application of the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

73. Harris is estopped from construing the claims of the '191 patent in such a way as may cover and/or include Harris' products, services or activities and/or has waived any right to do so by reason of amendment, cancellation or abandonment of claim(s) and admissions or representations made by or on behalf of the applicants in the proceedings in the United States Patent and Trademark Office during the prosecution of the application which resulted in the '191 patent.

## FOURTH AFFIRMATIVE DEFENSE

74. Each and every claim of the '191 patent is invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112 thereof.

## FIFTH AFFIRMATIVE DEFENSE

75. Secure Axcess' claims for relief and prayer for damages are barred or limited by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE

76. The relief sought by Secure Axcess is barred or limited by the failure of Secure Axcess to mark its products (if any) or to otherwise give notice to Harris pursuant to 35 U.S.C. §287.

## SEVENTH AFFIRMATIVE DEFENSE

77. Secure Axcess is not entitled to injunctive relief because any injury to Secure Axcess is not immediate or irreparable, and Secure Axcess has an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

78. Secure Axcess' claims are limited or barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## NINTH AFFIRMATIVE DEFENSE

79. Secure Axcess' Complaint fails to state a claim against Harris on which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

80. Secure Axcess is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## ELEVENTH AFFIRMATIVE DEFENSE

81. Harris is not responsible for the actions, conduct or products of other entities under the doctrines of alter ego and single business enterprise and under any state and federal statutes and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

82. Secure Axcess is precluded from enforcing the '191 patent because it is committing patent misuse by exploiting the '191 patent in an anti-competitive fashion in excess of the rights granted under the Patent Laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

83. Secure Axcess brings this claim against Harris and its activities in bad faith and therefore Secure Axcess' claims are limited in whole or in part. On information and belief, Secure Axcess failed to conduct the necessary pre-suit investigation required by law vis-à-vis Harris and its activities to allege claims of patent infringement.

84. Had Secure Axcess conducted the necessary pre-suit investigation, Secure Axcess would have known or should have known that Harris does not and cannot infringe the '191 patent.

85. Secure Axcess has failed to plead, and lacks any facts to plead, that Harris had prior knowledge of the '191 patent. Therefore, Secure Axcess's allegations of willful infringement and induced infringement of the '191 patent lack the predicate factual basis to bring

a claim of willful infringement and/or infringement by inducement in the first instance.

## COUNTERCLAIMS

For its counterclaims, Defendants-Counterclaimants Harris Bankcorp., Inc. and Harris N.A. (collectively "Harris") allege as follows:

## NATURE OF ACTION

86. This is an action seeking declaratory judgments of non-infringement and invalidity of United States Patent No. 7,631,191.

## PARTIES

87. Harris Bankcorp, Inc. is a Delaware corporation that maintains a principal place of business at 111 West Monroe Street, Chicago Illinois 60603.

88. Harris N.A. is a wholly-owned banking subsidiary of Harris Bankcorp, Inc. that maintains a principal place of business at 111 West Monroe Street, Chicago Illinois 60603.

89. Harris Bankcorp, Inc. and Harris N.A. are collectively referred to as "Harris."

90. In its Complaint, Plaintiff avers that Secure Axcess, LLC ("Secure Axcess") is a Texas limited liability company that maintains its principal place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

91. In its Complaint, Plaintiff avers that Harris has willfully infringed the '191 patent.

92. In its Complaint, Plaintiff avers that Harris has infringed the '191 patent by inducement under 35 U.S.C. §271(b).

## JURISDICTION AND VENUE

93. If the Court has subject matter jurisdiction over the underlying patent infringement action, subject matter jurisdiction also exists for Harris' counterclaims for declaratory judgment under 28 U.S.C. § 1338(a), brought pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202.

94. Secure Axcess has submitted to personal jurisdiction in this Court through the filing of its Complaint against Harris and others.

95. To the extent venue is proper in the underlying patent infringement action, venue is proper here as to this Counterclaim under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b). However, Harris reserves the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in this Counterclaim.

96. This is an exceptional case pursuant to 35 U.S.C. § 285.

## FIRST COUNTERCLAIM
(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,631,191)

97. Harris realleges and incorporates herein by reference the allegations in paragraphs 1–96 above.

98. In its Complaint, Plaintiff avers that it owns U.S. Patent No. 7,631,191 ("the '191 patent") and that Harris is infringing, inducing others to infringe, or contributing to the infringement of the '191 patent.

99. Harris denies that it has infringed, induced others to infringe, or contributed to the infringement of the '191patent.

100. Accordingly, a justiciable and actual controversy now exists between Harris and Secure Axcess concerning the alleged infringement of the '191 patent.

101. Harris hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '191 patent.

## SECOND COUNTERCLAIM
(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,631,191)

102. Harris realleges and incorporates herein by reference the allegations in paragraphs 1–101 above.

103. Secure Axcess alleges that the claims of the '191 patent are valid.

104. Harris alleges that the claims of the '191 patent are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

105. There exists, therefore, an actual and justiciable controversy between Secure Axcess and Harris with respect to the invalidity of the claims of the '191 patent.

106. Accordingly, Harris hereby seeks entry of a declaratory judgment that the claims of the '191 patent are invalid.

## PRAYER FOR RELIEF

Wherefore, Harris prays that this Court enter judgment:

(a)     For dismissal of Secure Axcess' Original Complaint with prejudice;

(b)     For a judgment that the claims of U.S. Patent No. 7,631,191 ("the '191 patent") are invalid, void, and/or unenforceable;

(c)     For a judgment that Harris has not infringed and is not infringing the '191 patent and that Secure Axcess take nothing by its Complaint;

(d)     For a declaration that this an exceptional case, and an award to Harris of their reasonable attorneys' fees under 35 U.S.C. § 285;

(e)     For an award of all costs of suit by Harris in this action; and

(f)     For all such other and futher relief as this Court deems just and equitable.

## JURY DEMAND

Harris requests a jury trial of any issues triable of right by a jury.

Dated: April 13, 2011

Respectfully submitted,

**POTTER MINTON P.C.**

By: /s/ Douglas R. McSwane, Jr.
    Douglas R. McSwane, Jr.
    Texas State Bar No. 13861300
    dougmcswane@potterminton.com
    POTTER MINTON P.C.
    P.O. Box 359
    Tyler, Texas 75710
    Telephone: (903) 597-8311
    Facsimile: (903) 593-0846

    Robert M. Masters
    robmasters@paulhastings.com
    Timothy Cremen
    timcremen@paulhastings.com
    Bhaskar Kakarla
    bhaskarkakarla@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    875 15th Street, N.W.,
    Washington, D.C. 20005
    Telephone: (202) 551-1700
    Facsimile: (202) 551-0238

    *Attorneys for Defendants Harris Bankcorp, Inc. and Harris N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served the foregoing document, HARRIS BANKCORP, INC'S AND HARRIS N.A.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

This 13 day of April, 2011.

*/s/ Douglas R. McSwane, Jr.*
Douglas R. McSwane, Jr.