IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **SECURE AXCESS LLC,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:10-CV-670 |
| **BANK OF AMERICA CORP., ET AL.,** | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion for Summary Judgment of Non-Infringement (Docket No. 565) ("Motion"). For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

There is only one asserted patent in this lawsuit—U.S. Patent No. 7,631,191 (the "'191 Patent" or the "Patent"). The '191 Patent relates to a technology for verifying a webpage is from its true source. Docket No. 461 ("Claim Construction Opinion") at 2. Claim 1, which is representative of all asserted claims, contains the following limitation: "wherein an authenticity stamp is retrieved from the preferences file." '191 Patent, Claim 1, at 12:17–18. The Court construed "preferences file" as "a file containing one or more authenticity stamps." Claim Construction Opinion at 10. Defendants contend they do not meet the "preferences file" limitation because their systems do not have an actual file containing stamps. Instead, Defendants argue their stamps are compiled from data stored in a variety of different locations. Because their systems do not actually store authenticity stamps, they do not infringe.

---

[1] This order refers to First National Bank of Omaha, First National Bank of Nebraska, and First National Bank Southwest collectively as "Defendants."

## APPLICABLE LAW

**Summary Judgment Standard**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element

essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

**Infringement Law**

Infringement analysis is "a two-step process in which we first determine the correct claim scope, and then compare the properly construed claim to the accused device to determine whether all of the claim limitations are present either literally or by a substantial equivalent." *Renishaw PLC v. Marposs Societa' Per Azioni*, 158 F.3d 1243, 1247–48 (Fed. Cir. 1998). Claim construction is an issue of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir. 1995). A determination of infringement, whether literal or under the doctrine of equivalents is a question of fact. *Biovail Corp. Int'l v. Andrx Pharms., Inc.*, 239 F.3d 1297, 1300 (Fed. Cir. 2001). For literal infringement, "every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). Any deviation from the literal claim language precludes a literal infringement finding. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).

## ANALYSIS

**"Preferences File" Limitation**

One of the limitations of Claim 1 reads, "Wherein an authenticity stamp is retrieved from the preferences file." '191 Patent, Claim 1, at 12:17–18. The Court construed "preferences file" to mean "a file containing one or more authenticity stamps." Claim Construction Opinion at 10. Defendants contend their products do not meet this limitation because their authenticity stamps are not single images stored in single files. Motion at 12. Instead, their stamps are generated on command by combining data from separate files. *Id.* at 12. Defendants assert that their authenticity stamps do not even exist in combined form until they are requested by a user.

Docket No. 585 ("Reply") at 3. In particular, their stamps contain the date and time. Motion at 12. Defendants argue this demonstrates their authenticity stamps are constantly changing, making it impossible to "store" their stamps in a preferences file. *Id*.

Defendants contend several statements made by Dr. Neeraj Gupta[2] support their position. *Id*. at 15. In his expert report, Dr. Gupta distinguished two prior art patents because their generated marks (i.e. authenticity stamps) were "dynamically generated and therefore not retrieved from the alleged preferences file (or any other file)." *Id*. at 10 (quoting Gupta Report at 42). Defendants contend their products operate identically to the prior art described by Dr. Gupta as "dynamically generated." *See id*. at 12. Accordingly, Defendants argue they do not infringe because their "dynamically generated" images do not meet Dr. Gupta's view of the claim language. *Id*. Defendants also argue Dr. Gupta's position is inconsistent with that of Dr. Hugh Smith, Secure's infringement expert. Reply at 1. Defendants contend the two men offer contradictory testimony on whether a dynamically generated authenticity stamp satisfies the claim language. *See id*. at 1–2.

Secure concedes components of Defendants' authenticity stamps are persistently stored in different files. Docket No. 577 ("Response") at 7. However, Secure argues Defendants still meet the preferences file limitation because their stamps are assembled at the host computer, then transferred to a user's computer. *Id*. at 8. Thus, while components of Defendants' stamps may be persistently stored in a number of locations, the components are ultimately combined into one file that is transferred to a user's computer. *Id*. Because a single file is transferred to the user, Defendants' systems satisfy the Claims. *Id*.

Secure also challenges Defendants' characterization of Dr. Gupta's testimony. *Id*. at 6. Secure contends Dr. Gupta distinguished the prior art systems on the grounds that their stamps

---

[2] Dr. Gupta is Secure's invalidity expert. Motion at 9.

were assembled from multiple files. *Id*. Secure believes Defendants' systems operate differently because their stamps are assembled into one file before being transferred to the user's computer. Docket No. 593 ("Sur-Reply") at 1. Therefore, the prior art systems do not operate in the same manner as Defendants' systems. *Id*. at 2.

The Court construed "preferences file" very broadly—a preferences file is "a file containing one or more authenticity stamps." Claim Construction Opinion at 10. At its core, this is just two limitations: (1) a file with (2) at least one stamp. Dr. Gupta seemingly added a temporal limitation to the term when he stated the content within a preferences file cannot be "dynamically generated." *See* Motion at 10. Defendants latched on to this statement in an attempt to show their assembled images do not infringe.

The flaw in Defendants' argument is they address only one end of the range of territory covered by the Claims. At one end of the spectrum, Dr. Gupta contends that a stamp cannot be "dynamically generated." *See* Motion at 10 ("The alleged authenticity stamp of [the prior art] may be dynamically generated and therefore not retrieved from the alleged preferences file (or any other file).") (quoting Gupta Report at 42). However, at the other end, a stamp does not have to be "persistently stored" in a preferences file. *See* Claim Construction Opinion at 10. During claim construction, the Court specifically rejected Defendants' argument that a "preferences file" is "persistently stored on the user device." *Id*. Instead, the Court determined "a preferences file is not limited to one that is…persistently stored on the user device." *Id*. The end result is a range of territory covered by the Claims. According to Dr. Gupta, the information in a preferences file cannot be "dynamically generated;" according to the Court, it need not be "persistently stored."

While Dr. Gupta testified he did not believe a "dynamically generated" authenticity stamp satisfied the Claims, his testimony is not sufficient to mandate summary judgment of non-

5

infringement. *See* Motion at 10–11. "Persistent" is defined as "existing or remaining in the same state for an indefinitely long time; enduring." *See* AMERICAN HERITAGE COLLEGE DICTIONARY 1019 (3d ed. 1997). Thus, a stamp that is *not* persistently stored may be assembled or evolve over time. This is consistent with the testimony of Dr. Smith. Dr. Smith testified that Defendants' systems assemble the authenticity stamp on the host computer, then transfer the entire image to the user's computer. *See* Response at 7. Before the stamp is transferred to a user, the entire image is contained in one file in one location on the host server.[3] *See id* (quoting Smith Report at 17) ("These [separate files] are combined into a single image that is sent to the user's browser."). This could be construed as consistent with Dr. Gupta.

Defendants did not present any evidence to distinguish between a permissible preferences file that is not persistently stored and an impermissible preferences file that is dynamically generated.[4] In fact, they never even attempted to make this distinction—Defendants' briefing never uses the word "persistent." Further, none of the cited testimony from Dr. Gupta addresses his position on persistent storage. Dr. Gupta does not believe dynamic generation satisfies the asserted claims, but there is no evidence of Dr. Gupta's beliefs regarding "dynamic generation." There is also insufficient evidence regarding the operation of the prior art to determine whether Dr. Gupta's views on dynamic generation are inconsistent with Dr. Smith's views on persistent storage. Thus, summary judgment of non-infringement regarding the preferences file limitation would be inappropriate.

---

[3] A preferences file may contain just a single authenticity stamp. *See* Claim Construction Opinion at 10.

[4] The "not dynamically generated" limitation did not come from the Court; it came from Dr. Gupta. At this time, it would be impossible to determine whether the limitation is appropriate. Both sides address dynamic generation in broad terms that provide no specific guidance as to the metes and bounds of the term. Further, neither side presented any evidence from the Patent itself regarding dynamic generation. Thus, the Court takes no position on whether a dynamically generated authenticity stamp could satisfy the Claim language or whether the Claims exclude dynamic generation at all. However, even if the dynamic generation limitation was present, summary judgment would not be appropriate.

**"Authenticity Stamp" Limitation**

Defendants also argue their products do not meet the "authenticity stamp" limitation of the '191 Patent. *See* Motion at 15–25. This is the same argument made by a separate group of defendants in this case in a separate motion for summary judgment of non-infringement. *See* Docket No. 564. Much of the briefing in this Motion is identical to the briefing in the other motion. For all the reasons set forth in its Memorandum Opinion and Order Denying Docket No. 564 (*see* Docket No. 638), Defendants' arguments regarding the authenticity stamp in this Motion are unpersuasive.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment of Non-Infringement (Docket No. 565) is **DENIED**.

**So ORDERED and SIGNED this 26th day of April, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**